IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 76,662-01






EX PARTE KENNETH W. SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 92-0194 IN THE 71ST DISTRICT COURT


FROM HARRISON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
building and sentenced to twenty-five years' imprisonment. 

 Applicant contends that he is being denied release to mandatory supervision. Applicant has
alleged facts that, if true, might entitle him to relief. Ex parte Mabry, 137 S.W.3d 58 (Tex. Crim.
App. 2004). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit addressing whether Applicant is eligible for release to mandatory
supervision for this conviction and, if so, whether his calendar time served and accrued good conduct
time equal the maximum term to which he was sentenced. If he is otherwise eligible for release to
mandatory supervision but is still being held, the affidavit shall address why he is being held and
provide calculated dates relating to any parole eligibility, projected release, and maximum discharge. 

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant's conviction is being
treated by TDCJ as "mandatory eligible." The trial court shall make specific findings as to whether
Applicant is being held by TDCJ for the instant conviction, and if so, whether his confinement is
legal, given the applicable law governing mandatory supervision for this conviction. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 14, 2011

Do not publish